*271
 
 Nash, C. J.
 

 This is a very plain case; so plain that it was not in the power of the ingenious counsel who argued it for the defendant, to cast any doubt upon it. The action is brought to recover the price of some machinery. The defendant employed a Mr. Eothwell to purchase for him the machinery in question, who ordered it, by letter, from the plaintiffs. The defendant’s counsel objected that the letter itself was the best evidence, and must be produced. The objection was over-ruled. "We do not deem it necessary to examine the doctrine of the best evidence. But very certainly, the rule does not apply to this case.
 
 Currie
 
 v.
 
 Swindell,
 
 7 Ire. Rep. 361. It is distinctly set forth that the machinery arrived at "Wilmington according to order, and was, by Mr. Eothwell, the agent of the defendantj received, and by him delivered, in good order, to the defendant, who took it to his plantation on the Cape Eear river. No special contract was made, and the money is sought, under the common count, for goods sold and delivered. Whether, therefore, the order was given by letter, or verbally, was a matter of no moment, and the production of the letter was unimportant. Suppose the plaintiffs had had the machinery lying upon the wharf at "Wilmington, and the defendant had taken it into his possession, without the knowledge or consent of the owners, could not the latter have maintained an action of assumpsit for the value of the article ? The defendant has the property of the plaintiff in his possession and use, and must pay for it.
 
 ~We
 
 cannot conceive that, in affirming the judgment, we are -in any measure weakening the valuable rule of evidence, that the best, the nature of the case admits of must be produced; or that we are opening the door for the fearful consequences so forcibly pictured before us.
 

 "We see no error in the judgment of the Court below.
 

 Bee 'Cueiam. • Judghient affirmed.